IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERVIN HOLLOWAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:12cv611-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a motion by federal inmate Ervin Holloway ("Holloway") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Holloway challenges his convictions and sentence for conspiracy to distribute and possess with intent to distribute marijuana and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) & 846, and possession with intent to distribute marijuana and cocaine base, in violation of 21 U.S.C. § 841(a)(1).[1] He argues that (1) the Government withheld evidence from the defense at his trial; (2) the testimony of Government witnesses "was spun by rewards of a lesser sentence or a letter of recommendation"; (3) no reasonable factfinder would have found him guilty by clear and convincing evidence had the Government not withheld evidence of David T. Flowers's guilty plea; (4) there is "reason to believe" that

---

[1]The district court sentenced Holloway on December 18, 1998, to a total term of 240 months' imprisonment. *See* Case No.2:98cr69-WHA. He appealed, and on December 8, 1999, the Eleventh Circuit Court of Appeals affirmed his convictions and sentence. *United States v. Holloway*, 204 F.3d 1121 (11th Cir. 1999) (unpublished).

David T. Flowers had the same attorney he hired to represent him in an Alabama state court; (5) there was a "pipeline issue" by which he should have benefitted from *Apprendi*, *Dale-Rhynes*, and *Edwards*[2]; and (6) he is entitled to retroactive application of the United States Supreme Court's holding in *DePierre v. United States*, __ U.S. __, 131 S.Ct. 2225 (2011), which he says would result in his receiving a lesser sentence.[3]  (Doc. No. 1 at 2-3.)  For the reasons now discussed, the court concludes that Holloway is not entitled to relief.

## I.   DISCUSSION

This is the second 28 U.S.C. § 2255 motion filed by Holloway attacking his convictions and sentence in Case No.2:98cr69-WHA.  Holloway's first such § 2255 motion was filed on September 28, 2000.  *See United States v. Holloway*, 2:98cr69-WHA, Doc. No. 425.  On September 9, 2005, this court denied that § 2255 motion, deciding all claims adversely to Holloway.  *Id.*, Doc. Nos. 501 & 502 (Order & Final Judgment of District Court Judge, Adopting Recommendation of Magistrate Judge [Doc. Nos. 489 & 493] and Denying § 2255 motion).  The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first

---

[2] *See Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Dale*, 178 F.3d 429 (6th Cir. 1999); *United States v. Rhynes*, 196 F.3d 207 (4th Cir. 1999); *Edwards v. United States*, 523 U.S. 511 (1998).

[3] In *DePierre*, the Supreme Court held that, for purposes of establishing mandatory minimum sentences for certain offenses involving "cocaine base," the term "cocaine base," as used in 21 U.S.C. § 841(b)(1), includes all cocaine in its chemically basic form, not just "crack cocaine."  131 S.Ct. at 2237.  The undersigned takes no position as to whether retroactive application of *DePierre* would have any conceivable impact on Holloway's sentence.

move in the appropriate court of appeals for an order authorizing the district court to consider the motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *See* 28 U.S.C. § 2255(h).

The pleadings and documents in this case reflect that Holloway has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.  It is well settled that a district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion.  *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).  Accordingly, this court lacks the jurisdiction to consider Holloway's present motion, and the motion is due to be summarily dismissed.

Holloway suggests that this court may properly consider the merits of his successive § 2255 motion because it is based on "newly discovered evidence" and because, he says, *DePierre* effected a new rule of law that is to be given retroactive application to his case.  (Doc. No. 1 at 6.)  However, even assuming that Holloway has set forth newly discovered

3

evidence and that *DePierre* recognized a new rule of law with retroactive effect, Holloway is nonetheless required first to receive certification from the Eleventh Circuit authorizing this court to consider this claim within the context of his § 2255 motion. *See* 28 U.S.C. § 2244(b)(3)(A) & § 2255(h).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion be denied and this case dismissed, because Holloway has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **September 13, 2012**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

DONE, this 30th day of July, 2012.

                                        /s/ Susan Russ Walker
                                        SUSAN RUSS WALKER
                                        CHIEF UNITED STATES MAGISTRATE JUDGE